IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD OF KANSAS AND MID-MISSOURI, INC., and ORRIN MOORE, MD,<br><br>                   Plaintiffs,<br><br>v.<br><br>DEFENDANTS KIMBERLY J. TEMPLETON, MD; EUSTAQUIO O. ABAY, II, MD; MICHAEL J. BEEZLEY, MD; RAY N. CONLEY, DC; GARY L. COUNSELMAN, DC; ROBIN D. DURETT, DO; ANNE HODGDON; JOEL HUTCHINS, MD; DAVID LAHA, DPM; M. MYRON LEINWETTER, DO; RICHARD MACIAS, JD; GAROLD O. MINNS, MD; JOHN F. SETTICH, PHD; CAROLINA M. SORIA, DO; AND TERRY L. WEBB, DC, Members of the Kansas Board of Healing Arts,<br>ROBERT MOSER, MD, Secretary of the Kansas Department of Health and Environment,<br>DEREK SCHMIDT, Attorney General of the State of Kansas, and<br>STEPHEN M. HOWE, District Attorney for Johnson County, Kansas, in their official capacities,<br><br>                   Defendants. | Case No. 13-CV-2302-KHV-KGG |

**FIRST AMENDED COMPLAINT**

      Plaintiffs bring this complaint against the above-named Defendants, their employees, agents and successors in office, and allege as follows:

1

1.      This is an action pursuant to 42 U.S.C. § 1983 challenging new and existing provisions of Kansas law that compel Plaintiffs to engage in speech in violation of their rights under the First and Fourteenth Amendments to the U.S. Constitution.

2.      Plaintiffs challenge the constitutionality of two requirements in section 14 of newly enacted Kansas House Bill 2253, 85th Leg., Reg. Sess. (2013) (the "Act"), which became law on July 1, 2013. One provision compels Plaintiff Comprehensive Health of Planned Parenthood of Kansas and Mid-Missouri, Inc. ("CHPPKM") to place on the homepage of its public website both a hyperlink to a government website that contains the government's viewpoint on abortion, and a scripted message of endorsement of the content on the government's website, even where CHPPKM disagrees with the message, thereby violating the First Amendment rights of CHPPKM.  If CHPPKM fails to comply with this command, it cannot legally provide abortions.

3.      The Act also compels a physician who is to perform an abortion to provide every patient seeking an abortion with information intended to convey the misleading suggestion that a fetus can feel pain after reaching a certain gestational age.  Yet, all or virtually all of the women who have abortions at CHPPKM do not have pregnancies that reach that gestational age.  Thus, regardless of the misleading nature of the information, it is also entirely irrelevant to them. Compelling this speech violates the First Amendment rights of Plaintiff Dr. Moore, and the Fourteenth Amendment rights of his abortion patients.

4.      Plaintiffs also challenge subsection (b)(5) of Kan. Stat. Ann. § 65-6709, which compels a physician who is to perform an abortion to inform every patient that "the abortion will terminate the life of a whole, separate, unique, living human being"—a misleading statement of

philosophical and/or religious belief. Compelling this speech violates the First Amendment rights of Plaintiff Dr. Moore, and the Fourteenth Amendment rights of his abortion patients.

5. Plaintiffs seek a judgment declaring that the above requirements violate the rights of Plaintiffs and their patients, and seek appropriate injunctive relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the Constitution and laws of the United States and under 28 U.S.C. § 1343(a)(3) because this case seeks to redress the deprivation under color of state law of rights guaranteed by the Constitution of the United States.

7. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district.

## PARTIES

**Plaintiffs**

9. Plaintiff Comprehensive Health of Planned Parenthood of Kansas and Mid-Missouri, Inc. is a not-for-profit corporation, organized and existing under the laws of Kansas, with its principal place of business in Overland Park, Johnson County, Kansas. CHPPKM operates a licensed ambulatory surgical center and provides reproductive health care services, including abortion services, to hundreds of women, teens, and men on a monthly basis.

10. Plaintiff Orrin Moore, MD, is a Board Certified obstetrician and gynecologist and is licensed to practice medicine in Kansas by the Kansas Board of Healing Arts. Dr. Moore is the Medical Director of CHPPKM and the primary abortion care provider at CHPPKM.

11. Plaintiffs bring this action on their own behalf and on behalf of their patients who presently desire, or, in the future, may desire, abortion services in Kansas.

**Defendants**

12. Defendants Kimberly J. Templeton, M.D.; Eustaquio O. Abay, II, M.D.; Michael J. Beezley, M.D.; Ray N. Conley, D.C.; Gary L. Counselman, D.C.; Robin D. Durett, D.O.; Anne Hodgdon; Joel Hutchins, M.D.; David Laha, D.P.M.; M. Myron Leinwetter, D.O.; Richard Macias, J.D.; Garold O. Minns, M.D.; John F. Settich, Ph.D.; Carolina M. Soria, D.O.; and Terry L. Webb, D.C. are Members of the Kansas Board of Healing Arts ("BOHA"), the agency responsible for the regulation and licensure of physicians in Kansas. BOHA has the power and duty to take disciplinary action against a physician for unprofessional conduct, including revoking, suspending, or limiting a physician's license. Defendants Abay et al. are sued in their official capacity, as are their agents and successors.

13. Defendant Robert Moser, MD, is the Secretary of the Kansas Department of Health and Environment ("KDHE"), the agency responsible for the regulation and licensure of medical facilities, including ambulatory surgical centers. KDHE has the power and duty to take disciplinary action against a medical facility for failure to report a physician's unprofessional conduct, including suspending, revoking or limiting the medical facility's license, as well as imposing civil fines. KDHE is also responsible for enforcing the provisions of the Act that amend the Woman's Right to Know Act, K.S.A. §§ 65-6708 to 65-6715, including creating the State materials and website required under Kan. Stat. Ann. § 65-6710. Secretary Moser is sued in his official capacity, as are his agents and successors.

14. Defendant Derek Schmidt is the Attorney General of Kansas. Attorney General Schmidt is authorized to assist in the prosecution of and take over prosecutions of violations of

4

Kansas criminal laws, upon the request of a District Attorney. Attorney General Schmidt is also authorized to assist in the prosecution of and take over prosecutions of any violation of the Kansas Healing Arts Act, upon the request of the Board of Healing Arts. Attorney General Schmidt is sued in his official capacity, as are his agents and successors.

15. Defendant Stephen M. Howe is the District Attorney for Johnson County, Kansas, where CHPPKM is located. District Attorney Howe is authorized to prosecute violations of Kansas criminal laws. District Attorney Howe is also authorized to assist in the prosecution of and take over prosecutions of any violation of the Kansas Healing Arts Act, upon the request of the Board of Healing Arts. Mr. Howe is sued in his official capacity, as are his agents and successors.

## CHALLENGED PROVISIONS

**H.B. 2253**

16. The Act was signed into law on April 19, 2013. A copy of the Act is attached hereto as Exhibit A.

17. Section 14 of the Act supplements Kan. Stat. Ann. § 65-6709. Kan. Stat. Ann. § 65-6709 states that "[n]o abortion shall be performed or induced without the voluntary and informed consent of the woman upon whom the abortion is to be performed or induced," and sets forth an array of requirements necessary for voluntary and informed consent.

18. Section 14 of the Act amends Kan. Stat. Ann. § 65-6709 to further require, as a condition of a woman's ability to give valid consent to an abortion, that:

> Any . . . facility or clinic in which abortions are performed that has a website shall publish an easily identifiable link on the homepage of such website that directly links to the department of health and environment's website that provides informed consent materials under the woman's right-to-know act. Such link shall read: "The Kansas Department of Health and Environment maintains a website containing *objective, nonjudgmental, scientifically accurate information* about the development of the unborn

child, as well as a video of sonogram images of the unborn child at various stages of development. The Kansas Department of Health and Environment's website can be reached by clicking here."

Act § 14 (emphasis added) (to be codified at Kan. Stat. Ann. § 65-6709(l)) (Ex. A, at 10).

19. Section 14 of the Act further expands Kan. Stat. Ann. § 65-6709 to require, as a condition of a woman's ability to give valid consent to an abortion, that she be provided with a written statement at least 24 hours in advance of the abortion procedure that states:

by no later than 20 weeks from fertilization, the unborn child has the physical structures necessary to experience pain. There is evidence that by 20 weeks from fertilization unborn children seek to evade certain stimuli in a manner that in an infant or an adult would be interpreted to be a response to pain. Anesthesia is routinely administered to unborn children who are 20 weeks from fertilization or older who undergo prenatal surgery.

Act § 14 (emphasis added) (to be codified at Kan. Stat. Ann. § 65-6709(b)(6)) (Ex. A, at 8).

**Existing Kan. Stat. Ann. § 65-6709(b)(5)**

20. Kan. Stat. Ann. § 65-6709(b)(5) requires, as a condition of a woman's ability to give valid consent to an abortion, that she be provided with a written statement at least 24 hours in advance of the abortion procedure that "the abortion will terminate the life of a whole, separate, unique, living human being."

**Penalties and Liability**

21. A physician that performs an abortion without a woman's valid consent, as required by Kan. Stat. Ann. § 65-6709, commits unprofessional conduct and faces significant licensing penalties, including license suspension, revocation, and/or limitation. *See* Kan. Stat. Ann. §§ 65-2836(b), (f), (k); 65-2837(b); 65-2864. *See also* Kan. Admin. Regs. § 100-6-1 (conditioning granting of license by BOHA on compliance with the requirements of the laws of the state of Kansas). An act of unprofessional conduct also exposes a physician to prosecution

for a misdemeanor that carries monetary penalties for each separate offense. *See* Kan. Stat. Ann. § 65-2862.

22.     Further, a licensed ambulatory surgical center is required to report to BOHA when a physician has acted in a manner which may be grounds for disciplinary action (which, as stated above, includes performing a procedure on a patient without informed consent). *See* Kan. Stat. Ann. §§ 65-28, 121(a); 65-4921; 65-4923(a)(2).  Failure to report a physician's unprofessional conduct carries penalties against the medical facility, including possible licensure suspension, revocation, or limitation by KDHE, as well as civil and criminal penalties.  See Kan. Stat. Ann. §§ 65-4927(b), (c); 65-28,121(a), (c); 65-430.

## FACTUAL ALLEGATIONS

23.     CHPPKM provides surgical abortions through 21 weeks and 6 days of pregnancy from the first day of the woman's last menstrual period, as well as medication abortion, which is an FDA-approved, non-invasive method of terminating an early pregnancy by oral medication.

24.     CHPPKM measures gestational age from the first day of the woman's last menstrual period ("LMP") because this is the common and accepted medical practice employed by health care providers who treat pregnant women.  While the exact date of fertilization is rarely known, it typically occurs 14 days from the first day of the LMP, which means that a gestational age referred to in terms of fertilization is typically two weeks earlier than one measured by LMP.

25.     On average, Comprehensive Health provides approximately 400 abortions a month.

26.     Approximately 90% of the abortions performed at CHPPKM are provided in the first trimester of pregnancy, i.e. through 13 weeks LMP.  Approximately 99% of the abortions

are provided for pregnancies that are no later than 20 weeks LMP (i.e., no later than 18 weeks from fertilization).

27. Plaintiffs maintain a close, confidential relationship with their patients, whom seek to keep their pregnancy and the care they are seeking private.

28. In addition to abortion services, CHPPKM provides other reproductive health care, including family planning *s*ervices, cervical and breast cancer screening services, pregnancy testing, all-options counseling, and testing and treatment for sexually transmitted infections, for women, teens, and men, as appropriate.

29. CHPPKM maintains a publicly available website, http://www.plannedparenthood.org/comprehensive-health/, for the purpose of conveying information about its services, accurate reproductive health educational information, and educational or training opportunities or other opportunities to engage with CHPPKM.

30. CHPPKM's website receives a high volume of visits: for example, in 2012, it received approximately 46,500 visits from 29,500 unique visitors. Some of these visitors—but far from all—are CHPPKM's patients (both abortion and non-abortion patients).

31. Plaintiffs comply with all statutory requirements relating to informed consent for abortion, including that an abortion patient, at least 24 hours in advance of the procedure, be informed in writing that State-created materials are available in printed form and online that "describe the unborn child, list agencies with offer alternatives to abortion with a special section listing adoption services and list providers of free ultrasound services," Kan. Stat. Ann. § 65-6709(b)(2), and be given the State-created materials, *see id.* § 65-6709(d).

32. As required by current law, Kan. Stat. Ann. § 65-6710(b), KDHE maintains a website, http://www.womansrighttoknow.org/, that contains the government's viewpoint about

8

what materials and statements a woman should consider prior to having an abortion, including numerous statements about a fetus.

33.     CHPPKM objects to the requirement that it, in effect, endorse the State's materials by stating on its website homepage that certain information on the State's website is "objective, nonjudgmental, and scientifically accurate."  Further, CHPPKM does not agree with this statement, in that CHPPKM believes that several aspects of the State's materials are inaccurate, judgmental, and not objective.

34.     For example, the document titled, "If You are Pregnant," which is available on the government's website, states that "pregnancy begins at conception with the union of a man's sperm and a woman's egg."  CHPPKM believes, as do most major medical organizations, including the American College of Obstetricians & Gynecologists, that pregnancy is established only upon the conclusion of implantation, which typically occurs 5-9 days following fertilization.

35.     The materials also state that "[a]bortion terminates the life of a whole, separate, unique, living human being."  CHPPKM does not believe this is an objective, nonjudgmental, and scientifically accurate statement.

36.     As another example, pursuant to section 15 of the Act, the State's materials contain a statement "that less than 5% of all natural pregnancies end in spontaneous miscarriage after detection of cardiac activity, and a fetal heartbeat is, therefore, a key medical indicator that an unborn child is likely to achieve the capacity for live birth." CHPPKM does not believe this statistic is accurate; medical literature suggests that close to 10% of all natural pregnancies end in spontaneous miscarriage after detection of cardiac activity.

37.     CHPPKM does not have the ability to continually monitor the government's website to ensure that it is scientifically accurate, objective, and non-judgmental.  The same is

true for any website that the government chooses to link to from its website for the purpose of conveying information about fetal development.

38. Plaintiff Dr. Moore objects to the requirement imposed by section 14 of the Act that every woman receiving an abortion, regardless of the gestational age of her pregnancy, be given information about characteristics of a fetus "by" or "no later than" "20 weeks from fertilization" (i.e., 22 weeks LMP) that imply that, at that gestational age, a fetus may experience pain. Not only is this information misleading, it is irrelevant to all or virtually all of Dr. Moore's patients because neither he nor CHPPKM provide abortions when a pregnancy has reached 20 weeks post-fertilization. Plaintiff Dr. Moore also objects to having to inform his patients that "the abortion will terminate the life of a whole, separate, unique, living human being." This statement is an expression of a moral, philosophical, and/or religious belief.

39. Unless Plaintiffs comply with the Act and publicly endorse the State-prepared materials with which they disagree, as well as make statements to their patients which are irrelevant to their patients' situations, misleading, and/or not truthful, they will effectively be prevented from engaging in the provision of abortion services, thereby restricting their patients' access to abortion.

40. Plaintiffs have no adequate remedy at law.

### FIRST CLAIM FOR RELIEF

41. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 39 above.

42. By compelling Plaintiff CHPPKM to unwillingly place on the homepage of its public website a hyperlink to a government website, and deliver a scripted government message of endorsement of information on the government's website, section 14 of the Act violates the

rights of Plaintiff CHPPKM under the First Amendment, as applied through the Fourteenth Amendment, to the U.S. Constitution.

## SECOND CLAIM FOR RELIEF

43.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 41 above.

44.     By compelling Plaintiff Dr. Moore to communicate to every patient seeking an abortion a) irrelevant and misleading statements related to whether a fetus at or no later than 20 weeks post-fertilization can feel pain, and b) the government's ideological message that a woman's "abortion will terminate the life of a whole, separate, unique, living human being," section 14 of the Act, enacting Kan. Stat. Ann. § 65-6709(b)(6), and existing Kan. Stat. Ann. § 65-6709(b)(5) violate the rights of Plaintiff Dr. Moore under the First Amendment, as applied through the Fourteenth Amendment, to the U.S. Constitution.

## THIRD CLAIM FOR RELIEF

45.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 43 above.

46.     By preventing a woman from having an abortion unless Plaintiffs make statements to patients seeking abortions that are untruthful, misleading, and/or not relevant to those women, section 14 of the Act, enacting Kan. Stat. Ann. § 65-6709(b)(6), and existing Kan. Stat. Ann. § 65-6709(b)(5) violate the rights of Plaintiffs' patients under the Fourteenth Amendment to the U.S. Constitution.

**WHEREFORE, Plaintiffs request that this Court:**

1.	Grant Plaintiffs a judgment declaring that the challenged provisions in section 14 of the Act, codified at Kan. Stat. Ann. §§ 65-6709(b)(6), (l), and existing Kan. Stat. Ann. § 65-6709(b)(5), violate the U.S. Constitution.

2.	Grant Plaintiffs a permanent injunction, restraining Defendants, their employees, agents, and successors in office from enforcing or taking any action based on a violation of the challenged provisions in section 14 of the Act, to be codified at Kan. Stat. Ann. §§ 65-6709(b)(6), (l), and existing Kan. Stat. Ann. § 65-6709(b)(5).

3.	Grant Plaintiffs interim injunctive relief as may be necessary to maintain the *status quo* pending award of a final judgment.

4.	Grant Plaintiffs attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988.

5.	Grant such further relief as this Court deems equitable and just under the circumstances.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES

By s/ Arthur A. Benson II
Arthur A. Benson II D.Kan. # 70134
Jamie Kathryn Lansford D.Kan. #70220
4006 Central Avenue (Courier Zip: 64111)
P.O. Box 119007
Kansas City, Missouri 64171-9007
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com
jlansford@bensonlaw.com

PLANNED PARENTHOOD
FEDERATION OF AMERICA
Roger K. Evans*
Diana O. Salgado*
434 West 33rd Street
New York, New York 10001
(212) 261-4708

(212) 247-6811 (telefacsimile)
roger.evans@ppfa.org
diana.salgado@ppfa.org

Attorneys for Plaintiffs

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of August, 2013, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of the electronic filing to the following parties:  Jeffrey A. Chanay, Deputy Attorney General, Civil Litigation Division, Office of Kansas Attorney General Derek Schmidt, 120 SW 10th Avenue, 3rd Floor, Topeka, KS 66612-1597; Thompson Ramsdell & Qualseth, P.A., Todd N. Thompson, Stephen R. McAllister, Shon D. Qualseth, Sarah E. Warner, 333 W. 9th Street, P.O. Box 1264, Lawrence, KS 66044.

By s/ Arthur A. Benson II
Arthur A. Benson II D.Kan. # 70134